**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
|    Plaintiff/Respondent, | § | |
| | § | |
| v. | § | Cr. No. C-05-607 |
| | § | C.A. No. 07-370 |
| PEDRO GOMEZ-AGUILERA, | § | |
| | § | |
|    Defendant/Movant. | § | |

## ORDER DENYING MOTION TO REDUCE SENTENCE

On September 17, 2007, the Clerk received a motion from Defendant Pedro Gomez-Aguilera ("Gomez-Aguilera"). The document is titled as a "Motion for Time Reduction By An Inmate in Federal Custody Under (28 U.S.C. § 2255)." (D.E. 33 at 1.)[1] The motion states that the relief sought is a "downward departure." (Id.) Gomez-Aguilera's brief motion lists a single ground for relief. Specifically, he claims that his equal protection and due process rights are being violated because, as a deportable alien, he is being deprived of benefits or privileges and required to serve a harsher sentence than United States citizens. In particular, he complains that, unlike United States citizens, he is not eligible for a reduction in his sentence for participation in a Bureau of Prisons ("BOP") residential drug-treatment program, for placement in a halfway home, or for a prison job while incarcerated.

For the reasons discussed herein, the Court construes his filing as a motion to reduce sentence and the motion is DENIED.

### I. BACKGROUND

On October 3, 2005, Kenedy County Sheriff's Deputies attempted to make a traffic stop on

---

[1] Docket entry references are to the criminal case.

1

a vehicle traveling north of the Sarita, Texas Border Patrol checkpoint. Gomez-Aguilera and several other individuals attempted to flee from the vehicle. Gomez-Aguilera was encountered by U.S. Border Patrol agents during a search of the surrounding area. The agents determined that Gomez-Aguilera was in the United States illegally. Additionally, records searches revealed that Gomez-Aguilera was previously ordered removed on December 30, 2003 and was deported on January 8, 2004, through El Paso, Texas, after having been convicted of Transportation of an Unlawful Alien, an aggravated felony. (Presentence Investigation Report ("PSR") at ¶¶ 4-5.)

On October 12, 2005, Gomez-Aguilera was charged in a single-count indictment with knowingly and unlawfully being present in the United States, after having previously been denied admission, excluded, deported and removed, in violation of 8 U.S.C. §§ 1326(a) and 1326(b). (D.E. 8.) On November 28, 2005, Gomez-Aguilera pleaded guilty to the indictment. There was no written plea agreement. (D.E. 13; docket entry dated November 28, 2005.)

Gomez-Aguilera was sentenced on February 24, 2006 to 57 months in the custody of the BOP, to be followed by a three-year terms of supervised release. The Court also imposed a $100 special assessment. (D.E. 21; see also docket entry dated February 24, 2006.) Gomez-Aguilera timely appealed (D.E. 19), and the Fifth Circuit affirmed in a per curiam opinion issued October 5, 2006. (D.E. 31.) The Supreme Court denied Gomez-Aguilera's petition for writ of certiorari on January 17, 2007. (D.E. 32.) Gomez-Aguilera's "motion for time reduction" was received by the Clerk on September 17, 2007. (D.E. 33.)

## II. MOVANT'S ALLEGATIONS

As noted, Gomez-Aguilera's motion lists only one ground for relief. Specifically, he requests that his sentence be reduced because of his status as a deportable alien. He claims that his equal

protection rights under the Fourteenth Amendment and his due process rights under the Fifth Amendment are being violated because, as a deportable alien, he is deprived of benefits or privileges and required to serve a harsher sentence than United States citizens. In particular, he points to the fact that, as a deportable alien, he is not entitled to a one-year reduction in sentence for participation in the BOP's drug treatment program, is ineligible for halfway house placement, and is ineligible for certain prison jobs. He requests that the Court reduce his offense level by two levels because a two-level reduction may be offered by the United States Attorney to defendants who accept a final deportation order.

For the reasons set forth herein, the Court concludes that Gomez-Aguilera is not entitled to relief.

### III.  ANALYSIS

**A.    Characterization of Motion**

At the outset, the Court notes that *pro se* pleadings are to be construed liberally. United States v. Riascos, 76 F.3d 93, 94 (5th Cir. 1996). Although Gomez-Aguilera in the title of his document references 28 U.S.C. § 2255, he does not assert any cognizable ground for relief under § 2255. Instead, he asks for a reduction in sentence based on the fact that his status as a deportable alien makes him ineligible for certain benefits while incarcerated and ineligible for certain placements within the Bureau of Prisons. The Court is thus unsure as to whether Gomez-Aguilera intended to file a § 2255 motion. Particularly in light of the Supreme Court's decision in Castro v. United States, 540 U.S. 375 (2003), the Court declines to construe his motion as a § 2255 motion. Cf. Castro, 540 U.S. at 383 (if a district court recharacterizes a post-conviction motion as a § 2255 motion and fails to provide adequate notice and warning to the defendant of the consequences of the recharacterzation, then the motion is not a first petition for purposes of applying to later motions the

restrictions on "second or successive" § 2255 motions).  Rather, the Court construes his filing as a motion for reduction in sentence.

**B.     Motion for Reduced Sentence**

Having determined that Gomez-Aguilera's motion is properly construed as a motion for reduction of sentence, it is clear that he has not stated grounds that entitle him to relief.  This Court has authority to modify or correct a previously imposed sentence only in the "limited number of circumstances" set out in 18 U.S.C. § 3582(c).  United States v. Bridges, 116 F.3d 1110, 1112 (5th Cir. 1997).  These circumstances are limited to the following: (1) when the Bureau of Prisons moves the Court to modify the sentence for reasons outlined in § 3582(c)(1); (2) under Fed. R. Crim. P. 35 (on the government's motion due to substantial assistance or to correct a clerical mistake within seven days of the date the sentence was imposed); and (3) when the guidelines under which the defendant was sentenced have been subsequently lowered, and a modification of sentence is consistent with the guidelines' policy statements.  See § 3582(c).

Gomez-Aguilera fails to assert grounds for modification that fall into any of the categories above.  Moreover, his substantive claim is without merit for at least three reasons.  First, the determination as to whether an inmate is eligible for participation in the BOP's drug treatment program and any resulting reduction in sentence are wholly within the discretion of the BOP.  See 18 U.S.C. § 3621(e)(2)(B) ("The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced *by the Bureau of Prisons*, but such reduction may not be more than one year from the term the prisoner must otherwise serve") (emphasis added).  As the Supreme Court has said, § 3621(e)(2)(B) grants the *Bureau of Prisons* the discretion to determine which inmates receive the benefit of early release.  Lopez v. Davis, 531 U.S. 230 (2001).  Thus, it is the BOP's policy that he is actually challenging,

not his sentence. Similarly, it is the BOP that decides where to place inmates and whether placement in a halfway house is appropriate for any inmate, and the BOP that implements policies governing prison employment.

Second, the BOP's policies on the precise issues of the drug treatment program and community-based placement being unavailable to INS detainees or deportable aliens have withstood similar challenges. See 28 C.F.R. § 550.58; see, e.g., McLean v. Crabtree, 173 F.3d 1176, 118-85, (9th Cir. 1999) (BOP's rule prohibiting prisoners with INS detainers from receiving sentence reduction under substance abuse treatment statute does not violate due process or equal protection); Bazuaye v. Tombone, 275 F.3d 44, 2001 WL 1223857 (5th Cir. Oct. 5, 2001) (rejecting equal protection claims and due process claims of INS detainee who was ineligible for sentence reduction for drug treatment and ineligible for community-based placement).

Third, even if Gomez-Aguilera had asked at sentencing for a downward departure or reduced sentence due to his status as a deportable alien, it would not have been granted. The sentencing guidelines provide that a downward departure on the ground that the defendant is a deportable alien, while permissible, would be proper only in the extraordinary case, and such cases are considered "highly infrequent." See United States v. Garay, 235 F.3d 230, 232-33 & n.8 (5th Cir. 2000). Moreover, in an immigration offense, a defendant's alienage has been adequately taken into consideration and thus is not a permissible basis for downward departure. Garay, 235 F.3d at 233-34 (defendant's "status as deportable alien, as an inherent element of his crime, has already been considered by the [Sentencing] Commission in formulating the applicable guidelines"); United States v. Foote, 2001 WL 671465, *3-*4 (N.D. Tex. 2001) (rejecting argument by § 2255 movant that his counsel should have moved for downward departure); cf. United States v. Maldonado, 242 F.3d 1, 4-5 (1st Cir. 2001) ("a deportable alien who commits a crime is still within the 'heartland'

5

of the guidelines"; "the common facts of a long sentence and likely deportation" do not by themselves make a case extraordinary such as to warrant a downward departure).

For all of the foregoing reasons, Gomez-Aguilera's claim does not entitle him to relief.

### IV.  CONCLUSION

Gomez-Aguilera's motion for a time reduction pursuant to 28 U.S.C. § 2255 (D.E. 33) is construed as a motion to reduce sentence under 18 U.S.C. § 3582, and is DENIED.  Additionally, in light of this Court's determination that Gomez-Aguilera's motion is not properly construed as a § 2255 motion, the Clerk is directed to administratively close the corresponding civil action opened in connection with Gomez-Aguilera's motion, Civil No. C-07-257.

It is so ORDERED.

Signed this 3rd day of October, 2007.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE